Fredericks, respondent, *v.* Clark et al., appellants.

FINDINGS AND ISSUE. Where the property of a wife is attached as that of the husband, on the allegation that the wife's ownership is fraudulent as against creditors, and upon trial before the court the finding is that the property belongs to the wife as a sole trader, *held,* that such finding fully covers the issue of fraud.

JUDGMENT — *appeal.* An appeal to the supreme court does not suspend the operation of a judgment, so that it may not be plead as a bar in another case pending between the same parties in interest concerning the same subject-matter. See *Curtis* v. *Donnell et al., ante,* p. 211.

TESTIMONY — *cross-examination.* A defendant may not be allowed to make out his own case by cross-examination of plaintiff's witnesses unless the examination in chief has opened the door.

*Appeal from First District, Gallatin County.*

THIS cause was tried in the court below by BLAKE, J.

SAMUEL WORD, for appellants.

. The court below erred in not finding directly upon the issue of fraud tendered by the answer and replication.    *Furrar* v. *Lyon,* 19 Mo. 122 ; 10 Cal. 411.

The court failed to find amount of property taken, only the value.    30 Cal. 419.

The findings should cover all the issues and be of facts, not legal conclusions.    *Bates* v. *Bower,* 17 Mo. 550 ; 20 id. 262 ; 24 id. 343.

The court erred in admitting the record in case of *Fredericks* v. *Clark & Davis,* pending an appeal to the supreme court, wherein no final judgment had been rendered.    33 Cal. 474.

The court departed from the usual custom in disallowing the defendant to cross-examine plaintiff's witnesses.    14 Cal. 18.

E. W. TOOLE and J. H. SHOBER, for respondent.

The issue of fraud was fully covered by the finding of the court.

Defendants did not request a finding of the value of the property attached in accordance with section 220 of the Civil Practice Act, but the court did so find on its own motion.

The question of the ownership of the mill was immaterial to the case, but as defendants were allowed to go into the same, it was competent for plaintiff on rebuttal to offer the records of the court in which this question had been determined.  Freem. on Judg. 291, 328 ; *Sayre* v. *Harpending,* 49 Barb. 166 ; *Haines* v. *Hammond,* 18 How. 123 ; *Burton* v. *Burton,* 28 Ind. 343 ; 16 id. 107 ; *Banks* v. *Wheeler,* 28 Conn. 433 ; *Curtis* v. *Beardsley,* 15 id. 518.

Davis conveyed to plaintiff the property exchanged for the flouring mill and advised her to get papers as a sole trader.    52 Barb. 26 ; 4 Conn. 406 ; 3 Johns. Ch. 354 ; 5 Wend. 661.

The judgment given in evidence was between the same parties in interest.    *Lomme* v. *Sweeney,* 1 Mon. 584 ; 4 Otto, 351.

Plaintiff was in possession at the time of seizure. This was all that was necessary for her to show. 3 Barb. 110.

The cross-examination sought by defendant was improper. The full benefit of the same was had on rebuttal.

WADE, C. J. The ownership of certain flour and lumber attached by the defendant Davis as the property of W. A. Fredericks, one of the plaintiffs, and replevied by Sarah J. Fredericks, wife of the said W. A., as her own separate property, is involved herein. This defendant, resting chiefly upon the allegation that W. A. Fredericks was the owner of the undivided one-half of a certain flouring mill ; that for the purpose of hindering, delaying and defrauding his creditors, he caused the same to be conveyed to his wife, Sarah J.; that the flour and lumber in question were the profits and proceeds of such mill, after such conveyance, and therefore the property of the husband. And this claim of fraud in such conveyance having been set at rest in the case of *Fredericks* v. *Davis & Gilbert*, decided at this term (see *ante*, page 251) wherein it was finally determined and adjudged that Sarah J. Fredericks, by virtue of the conveyance aforesaid, became the *bona fide* owner of the undivided one-half of said mill, and as such owner, entitled to partition thereof, there is not much left to try in this action.

The case was tried by the court without a jury, and one of the errors complained of by the defendant is that the findings of fact do not cover the issue of fraud raised in the pleadings. Undoubtedly the findings should be as broad as the issues. The defendant having charged that the plaintiff Sarah J. Fredericks held and claimed the property mentioned in the complaint, in order to cover it up, and for the purpose of cheating and defrauding the creditors of her husband, and the court having found that said Sarah J. was the owner of the property as sole trader and that the same was wrongfully seized by the defendant Clark, sheriff, as the property of her husband, at the suit of Davis, we do not see but the finding is as broad as the issue and conclusively covers the question of fraud raised in the pleadings.

2. The case of *Fredericks* v. *Davis & Gilbert*, wherein title to

the mill property had been adjudged, was determined in the district court, and an appeal to the supreme court pending therein, when the pleadings, record and judgment-roll in that case were admitted in evidence in this one, to rebut the attack of the defendant on the title of plaintiff. Such admission is assigned as error. If this had been error it is not such an one as ought to reverse the case, for since the affirmation in the supreme court of the judgment so introduced, whereby upon a second trial such judgment would become competent evidence, a reversal of the case would work no advantage to the defendant.

But we do not think that an appeal may be considered as suspending the operation of a judgment, so that it is not admissible as evidence in any controversy between the parties. Until reversed or annulled, the judgment is binding upon the parties as to every question directly decided, and an appeal with a proper bond to stay proceedings only suspends the right to execution. " If the appeal is in the nature of a writ of error, conferring power on the appellate court to determine such errors as may have occurred on the trial, or in the decision of the cause, and giving the court, upon such determination, no other authority than that of reversing, modifying, or affirming the judgment of the inferior court, and of remitting the case back to the tribunal whence it came, that such tribunal may conform its judgment and proceedings to the views of its superior, then the judgment appealed from does not, until vacated or reversed, cease to operate as a merger or bar." Freeman on Judgments, § 328, and cases cited.

There was no objection to the judgment, because it was not between the same parties, nor could such objection have been made, for it was between the same parties in interest, and determined the title to the mill property as between W. A. and Sarah J. Fredericks, the very question that Davis sought, by his attack upon the title of Sarah J., to have tried again in this action.

3. The defendant, as often happens, sought to make out his defense on the cross-examination of plaintiff's witnesses. The refusal to permit this, where the examination in chief had not opened the door, was not error.

Even if the defendant had been entitled to the proposed cross-examination of Sarah J. Fredericks, he was not in any manner injured, for when she came again to the witness-stand in rebuttal, the examination took place, and judging from her testimony, covered all the questions proposed upon her former examination.

The judgment is affirmed with costs.

*Judgment affirmed.*